JOHN P. DESMOND, ESQ.
State Bar No. 5618
WHITNEY D. BOCCHI, ESQ.
State Bar No. 9763
JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Facsimile: (775) 786-1177

ROBERT P. ALPERT, ESQ.
Georgia Bar No. 013635
ELIZABETH L. BALLARD, ESQ.
Georgia Bar No. 142299
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 233-7000
Fax:     (404) 365-9532
*Admission Pro Hac Vice Pending*

*Attorneys for Plaintiff*
Chapel Square Ventures, L.P.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHAPEL SQUARE VENTURES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> KRAVETZ REALTY GROUP LLC, a New York limited liability company, and LANDAMERICA COMMERCIAL SERVICES, an Ohio corporation, <br><br> Defendants. | CASE NO. _____ <br><br><br><br><br> COMPLAINT |

Comes now, Plaintiff-Chapel Square Ventures, L.P. ("Chapel Square") and files this

Complaint against Defendants Kravetz Realty Group, LLC ("Kravetz Realty") (Chapel Square and

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

Kravetz sometimes referred to collectively as "Parties") and LandAmerica Commercial Services ("LandAmerica"), showing this Court as follows:

## I. INTRODUCTION

This dispute arises from Plaintiff-Chapel Square's right to certain escrowed funds. Chapel Square and Kravetz Realty entered into an agreement whereby Kravetz Realty was to purchase certain commercial real property ("Premises") from Chapel Square ("Agreement"). Pursuant to the Agreement, Kravetz Realty deposited $500,000 in an escrow account with LandAmerica, $250,000 of which previously has been released to Chapel Square. The Agreement provides that if Kravetz Realty defaults on the purchase, the remaining $250,000 of such escrowed funds shall be paid to Chapel Square as liquidated damages.

Kravetz Realty has defaulted on the purchase of the Premises. Accordingly, Chapel Square terminated the Agreement, and requested that the remaining $250,000 be paid to it in accordance with the terms thereof. Despite Chapel Square's demand, Kravetz Realty has improperly refused to permit LandAmerica to disburse such funds to Chapel Square. Correspondingly, LandAmerica will not disburse such funds to Chapel Square.

## II. PARTIES

1. Chapel Square is a limited partnership organized and existing under the laws of the State of Georgia with its general partner residing in Georgia. Chapel Square owns and operates the Premises at issue in this dispute.

2. Kravetz Realty is a limited liability company organized and existing under the laws of the State of New York. Upon information and belief, none of Kravetz Realty's members reside in Georgia.

3. LandAmerica is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. LandAmerica provides real estate transaction

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

services, including title and escrow services, and has an office located at 10801 W. Charleston Blvd., Suite 690, Las Vegas, Nevada 89135.

### III.   JURISDICTION AND VENUE

4.      Jurisdiction is proper over LandAmerica and Kravetz Realty under N.R.S. §14.065 because they transact business within the State of Nevada.

5.      Venue is proper in this Court under N.R.S. §13.040.

### IV.   FACTUAL ALLEGATIONS

**A.      The Agreement**

6.      Chapel Square and Kravetz Realty entered into the Agreement for Kravetz Realty to purchase the Premises from Chapel Square on or about February 27, 2008.  Attached hereto as **Exhibit A** is a true and correct copy of the Agreement.

7.      Under the Agreement, Kravetz Realty agreed to place $500,000 ("Deposit") in an escrow account with LandAmerica in Las Vegas, Nevada ("Escrow Account"). Specifically, Kravetz Realty was to deposit $100,000 into the Escrow Account within three (3) days of the execution of the Agreement, and $400,000 one (1) day after the expiration of the inspection period.  (Agreement, ¶ 3).  Kravetz Realty deposited the initial $100,000 into the Escrow Account on or about February 29, 2008.

8.      Upon receipt of the initial $100,000 deposit and a fully executed copy of the Agreement, LandAmerica signed the Agreement, agreeing to act as the escrow agent for the Parties and to hold the Deposit for their benefit pursuant to the terms of the Agreement. (Agreement, p. 20)

9.      The Agreement provides that if Kravetz Realty fails to consummate the purchase of the Premises in accordance with the terms of the Agreement, Chapel Square is entitled to the Deposit as liquidated damages.  It further provides that if any party is forced to hire attorneys to

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

enforce the terms of the Agreement, the losing party must pay the costs and expenses, including attorneys' fees, of litigation. (Id., ¶¶ 3, 14).

10.     The Agreement provides that the buyer will have forty-five (45) days to inspect the Premises ("Inspection Period"), and the Parties will close on the transaction fifteen (15) days after the expiration of the Inspection Period, which set the closing date for April 30, 2008. (Id., ¶ 7).

11.     On or about April 15, 2008, the Parties entered into a First Amendment to the Agreement ("First Amendment"), extending the Inspection Period until May 15, 2008. Attached hereto as **Exhibit B** is a true and correct copy of the First Amendment. The First Amendment also extended the time for Kravetz Realty to deposit the additional $400,000 into the Escrow Account.

12.     On or about May 16, 2008, the Parties entered into a Second Amendment to the Agreement ("Second Amendment"), further extending the closing date until July 15, 2008 and further modifying the time frame for deposit of the additional $400,000 ($150,000 on May 16, 2008 and $250,000 on July 16, 2008) into the Escrow Account with LandAmerica. Attached hereto as **Exhibit C** is a true and correct copy of the Second Amendment. Kravetz Realty ultimately deposited the additional $400,000 into the Escrow Account as contemplated by the terms of the Second Amendment.

13.     On or about June 16, 2008, the Parties entered into a Third Amendment to the Agreement ("Third Amendment"), further extending the closing date until July 31, 2008. Attached hereto as **Exhibit D** is a true and correct copy of the Third Amendment.

14.     On or about July 31, 2008, the Parties entered into a Fourth Amendment to the Agreement ("Fourth Amendment"), further extending the closing date until August 15, 2008. Attached hereto as **Exhibit E** is a true and correct copy of the Fourth Amendment. In connection with this extension, Kravetz Realty agreed to immediately release $250,000 from the Escrow Account to Chapel Square, which it did, leaving $250,000 in the Escrow Account.

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

15.    In addition, the Fourth Amendment allowed Kravetz Realty to extend the closing date to August 29, 2008, provided it made this election by August 14, 2008 and deposited an additional $150,000 into the Escrow Account.

**B.    Kravetz Realty's Default and Refusal to Release Funds in the Escrow Account**

16.    On August 14, 2008, Chapel Square, through its counsel, Morris, Manning & Martin, LLP, delivered to LandAmerica, as closing agent, the documentation required to consummate the purchase and sale of the Premises under an escrow instruction letter authorizing the release of such documents to Kravetz Realty upon LandAmerica's receipt of the purchase price and the closing documents required to be delivered by Kravetz Realty in connection with the closing.  Attached hereto as **Exhibit F** is a true and correct copy of such escrow instruction letter.

17.    Kravetz Realty did not elect to extend the closing date and failed to consummate the purchase of the Premises on August 15, 2008.  Accordingly, Kravetz Realty was in default under the Agreement.  (See Agreement, ¶ 14(A)).

18.    As a result of Kravetz Realty's default, Chapel Square terminated the Agreement and requested that the remaining portion of the Deposit be paid to Chapel Square.  Attached hereto as **Exhibit G** is a true and correct copy of Chapel Square's August 25, 2008 demand letter to Kravetz Realty.

19.    In response, Kravetz Realty improperly directed LandAmerica to retain the Deposit until further notice.  Attached hereto as **Exhibit H** is a true and correct copy of Kravetz Realty's August 28, 2008 response letter to Chapel Square.

20.    As a result, LandAmerica will not disburse the remainder of the Deposit to Chapel Square.

///

///

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177


## COUNT III: ATTORNEYS' FEES
### (Against Kravetz Realty)

31.    Chapel Square repeats and re-alleges the allegations contained in Paragraphs 1-30 above as if set forth fully herein.

32.    Chapel Square and Kravetz Realty are parties to the Agreement.

33.    Pursuant to the Agreement, the losing party in any action must pay the prevailing party all litigation expenses, including attorneys' fees, incurred in connection therewith.

34.    Chapel Square has incurred litigation expense, including attorneys' fees, in connection with enforcing its rights under the Agreement.

35.    Accordingly, under the Agreement, Chapel Square is entitled to recover its litigation expenses, including attorneys' fees, from Kravetz Realty.

///

///

///

///

///

///

///

///

///

///

///

///

JONES VARGAS
100 West Liberty Street, Twelfth Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

**WHEREFORE,** Chapel Square respectfully prays for the following relief in this action:

(1)   A verdict and judgment against Kravetz Realty and LandAmerica jointly and severally and in favor of Chapel Square in an amount to be determined by the Court but in no event less than $250,000;

(2)   A verdict and judgment against Kravetz Realty for Chapel Square's costs and expenses, including attorneys' fees, incurred in this action; and

(3)   That Chapel Square be awarded all other and further relief as this Court deems just and equitable.

DATED this 11th day of September, 2008.

By: _____
JOHN P. DESMOND, ESQ.
State Bar No. 5618
WHITNEY D. BOCCHI, ESQ.
State Bar No. 9763
JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Attorneys for Plaintiff
Chapel Square Ventures, L.P.

MORRIS, MANNING & MARTIN, LLP
Robert P. Alpert
Georgia Bar No. 013635
Elizabeth L. Ballard
Georgia Bar No. 142299
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 233-7000
Fax:    (404) 365-9532
***Admission Pro Hac Vice Pending***

*Attorneys for Plaintiff*
Chapel Square Ventures, L.P.